UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JUSTIN BOWMAN, D-3,

        Defendant.
_____/

Case No.  11-20188

HON.  GEORGE CARAM STEEH

ORDER DISMISSING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF No. 372]

Defendant Justin Bowman moves the Court for compassionate release from prison due to dangers posed by COVID-19.  For the reasons set forth below, Defendant's motion is DISMISSED without prejudice.

I.    Factual Background

Defendant was charged in 9 counts of the third superseding indictment for his role in a carjacking conspiracy ring.  Defendant pled guilty to three carjackings and one count of using and brandishing a firearm during a crime of violence.  On November 4, 2013, the Court sentenced Defendant to 86 months on the three carjackings to run concurrent with 84 months on the firearm charge, for a total of 170 months,

followed by three years supervised release. Defendant states his projected release date is April 4, 2024.

In his motion for compassionate release, Defendant describes having "chronic to severe asthma" diagnosed at age 12. He seeks a re-sentencing hearing so he can be released to home confinement based on his underlying health condition, which places him at a greater risk of contracting and suffering the most severe consequences of COVID-19.

II.  Legal Standard

This Court's authority to grant Defendant's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on their own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment. To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1, and he must "not [be] a danger to the safety of any other person or to the community," USSG § 1B1.13(2).

Before granting a motion for compassionate release, the Court must review the § 3553(a) factors to the extent that they are applicable and determine whether they support or undermine the sentence reduction.

III. Analysis

A. Exhaustion of Administrative Remedies

Until recently, only the BOP could move for compassionate release. The First Step Act of 2018 amended the statute, permitting defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). The provision permitting a defendant-initiated motion includes an exhaustion requirement. *Id.* If a defendant moves for compassionate release, the district court may not act on the motion unless the defendant files it "after"

either completing the administrative process within the BOP or waiting 30 days from when the warden at the facility received the request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that the compassionate release exhaustion requirement, while not jurisdictional, is "a mandatory condition." *United States v. Alam*, --- F.3d ---, 2020 WL 2845694, at *2-3 (6th Cir. 2020). The Sixth Circuit noted the "good reason" for exhaustion: "to implement an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping." *Id.* In *Alam*, where the defendant "waited just 10 days after the warden's receipt of his request to file his motion in federal court, not the required 30 days," the Sixth Circuit concluded that it should "dismiss [the motion] without prejudice," rather than "[sitting] on untimely motions until the 30-day window ran its course." *Id.* at 3, 6.

Defendant does not describe making a request for compassionate release to the Warden of his institution. The government proffers that the Bureau of Prisons ("BOP") has no record of a request from Defendant for compassionate release. There is an undeniable value in having the BOP make the initial review before an inmate is released. The BOP is already responding to the pandemic—not just through heightened safety

measures, but by evaluating its entire prison population for home confinement. By requiring a defendant to exhaust, § 3582(c)(1)(A) gives the BOP the opportunity to gather an inmate's medical documentation and other records, evaluate the request, and decide in the first instance whether it justifies seeking compassionate release or pursuing some other form of relief. The Sixth Circuit has held that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claims-processing rule. As such, the exhaustion requirement is not waivable and Defendant's motion must be dismissed without prejudice. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for compassionate release is DISMISSED without prejudice.

Dated: June 16, 2020

         s/George Caram Steeh
         GEORGE CARAM STEEH
         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 16, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk