UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

JUSTIN BOWMAN, D-3,

        Defendant.

_____/

Case No.  11-20188

HON.  GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE [ECF Nos. 383, 386 and 397]

Defendant Justin Bowman moves the Court for compassionate release from prison due to dangers posed by COVID-19.  Counsel was appointed to assist Mr. Bowman in the filing of his motion.  The Court determines that it will not benefit from oral argument on this motion and can decide the motion on the briefs filed by the parties.  For the reasons set forth below, Defendant's motion is DENIED.

I.      Factual Background

Bowman was charged in 9 counts of the third superseding indictment for his role in a carjacking conspiracy ring.  He pled guilty to three counts of carjacking and one count of using and carrying a firearm during a crime of violence.  He cooperated and testified at the trial of his co-conspirators,

who each received sentences greater than 50 years. At trial, Bowman admitted participating in several violent carjackings at gunpoint. Bowman received a substantially lower sentence due to his cooperation.

On November 4, 2013, the Court sentenced Bowman to 86 months on the three carjacking counts to run concurrent with 84 months on the firearm charge, for a total of 170 months, followed by three years supervised release. Bowman has served half of his fourteen-year sentence and his projected release date is April 4, 2024. He is housed at FCI Loretto in Loretto, Pennsylvania. While 57 inmates have tested positive for COVID-19 since the beginning of the pandemic, there are currently no inmates at the facility who are known to be positive for the coronavirus.

Bowman is 31 years old and asserts he has medical conditions which place him at a greater risk of contracting and suffering the most severe consequences of COVID-19. Specifically, he has asthma and hypertension, two conditions identified by the CDC as placing a person at possible risk for severe illness from COVID-19.

In his request for release, Bowman asks the Court to modify his sentence to time served with a term of supervised release. The government opposes defendant's motion.

The BOP has been directed by the Attorney General to assess its entire prison population to determine which inmates face the most risk from COVID-19, pose the least danger to public safety, and can safely be granted home confinement. 03-26-2020 Directive to BOP; 04-03-2020 Directive to BOP. This process necessarily requires the BOP to identify the best candidates for release, ensure that their homes are suitable for home confinement, and arrange a way to quarantine each of them for 14 days. As of September 30, 2020, these directives have resulted in at least 7,686 inmates being placed on home confinement. See BOP COVID-19 Website.

Bowman submitted an official request for sentence reduction to his facility on June 8, 2020. His request was denied by the warden on June 25, 2020. Bowman then asked his unit manager to consider his request for home confinement. The unit manager informed Bowman that he was not being considered for home confinement due to his crimes of violence, the fact that the warden denied his request for compassionate release and because his "PATTERN Score reflects a Low Risk Recidivism Level." (ECF No. 397-4; PageID.5195).

II.     Legal Standard

This Court's authority to grant a defendant's request for

compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on their own motion;  (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment.  To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1, and he must "not [be] a danger to the safety of any other person or to the community," USSG § 1B1.13(2).

Before granting a motion for compassionate release, the Court must review the § 3553(a) factors to the extent that they are applicable and

determine whether they support or undermine the sentence reduction.

III.   Analysis

    A.   Exhaustion of Administrative Remedies

Bowman has exhausted his administrative remedies by submitting a request to the Warden on June 8, 2020.  The Warden denied the request on June 25, 2020.

    B.   Extraordinary and Compelling Reason

Bowman bases his request for release on his medical conditions of asthma and hypertension.  His medical records show that he is prescribed medication to address both conditions.  Bowman contends that his medical conditions, along with his status as a prisoner, place him at higher risk of contracting COVID-19 if exposed as well as making him more vulnerable to complications from the virus.

The CDC has found a number of medical conditions place individuals at risk for severe illness from COVID-19—namely, over 65 years of age, serious heart conditions, the immunocompromised, severe obesity (defined as BMI of 30 or higher), diabetes, chronic kidney disease, and COPD.  Other conditions that *might* put people at an increased risk for severe illness include moderate-to-severe asthma and hypertension.  www.cdc.gov (People With Certain Medical Conditions).  Given Bowman's

- 5 -

age, the fact that he is receiving medical treatment, and that his particular medical conditions are identified as only possibly putting him at an increased risk for severe illness, the Court finds that this defendant does not satisfy the eligibility criteria for release under USSG § 1B1.13(1)(A) & cmt. n.1.

Furthermore, section 1B1.13(2) only permits release if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Bowman admittedly committed several armed carjackings and each of them is a crime of violence. *See United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019). After giving due consideration to of all of the relevant factors in this case, the Court concludes that there is not an extraordinary and compelling reason to modify Bowman's sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

C. 18 U.S.C. § 3553(a) Factors

The § 3553(a) factors, including Bowman's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment, also weigh in favor of denying his request for compassionate release. The Court is cognizant of the fact that Mr. Bowman has taken many classes and completed many occupational programs to better himself while incarcerated. This is positive evidence

- 7 -

that he is using the resources available to him in prison to his advantage. The fact that Mr. Bowman has strong family support is another positive sign in favor of his success in custody and upon release.  However, the fact remains that his criminal conduct was violent, was carefully planned and was executed on multiple occasions.  Prior to the carjackings, Bowman already had a substantial criminal history.  PSR at ¶¶ 56-58.  He has only served half of his sentence and has over three years remaining. Releasing Bowman would not promote respect for the law, recognize the seriousness of his offense, or deter him or others from committing similar violent crimes.

     For the reasons outlined above, Defendant's motion for compassionate release is DENIED.

Dated:  October 5, 2020

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE